569 F.2d 1266
 97 L.R.R.M. (BNA) 2645
 WOLF, Walter, Amadeu Gonsalves, Jr., Frank Bodnar, George
Young, Anthony Lisa, Tex Perry, Sal Grasso, Stephen
Crisafulli, John Flynn, L. Ellis, A. Krygowski, James Smith,
Eugene Laudenslager, Conrad Rosik, John Kisko, Anthony
Caruso, Salvatore Duca, Glen Wormuth, Edward Dietz,
Bonifacio Coeiddi, John Montag, Ray Guarino, William
Bonavita, Carl Tonnessen, Louis Steblinski, Henry
Kurzenberger, William Strothers, John Cardoso, Richard
Gomes, Robert Wenzel, Peter Steblinski, James Harris, John
Darcy, William Walters, Francis Farrell, John Fabricius,
Leon Wierzblinski, Charles Weigand, Paul Hlavaty, Norman
Zeigler, James Freeland, Bernard Hornick, Joseph McCabe,
Herbert Brown, George Wilson, Charles Klinsky, Michael
Karas, Eugene Mittnacht, Louis Marsello, Salvatore Branzo,
Leonard Smith, Charles Kamenas, Arthur Sherrier, Carmine
Gallo, Gus Bendewald, Paul Hadsall, Burkley James, Willi
Bartly, Archie Lewis, Anthony Pescione, Charles Gillens, A.
Sadiq, Richard Tullis, Fred Halligon, CleveTIGENERAL MOTORS
UNITED AUTO WORKERS SUPPLEMENTAL UNEMPLOYMENT BENEFIT PLAN
BOARD OF ADMINISTRATION, GENERAL MOTORS CORPORATION (NEW
DEPARTURE-HYATT BEARINGS DIVISION), a corporation doing
business in New Jersey, International Union, United
Automobile Aerospace, and Agricultural Implement Workers of
America, UAW and Local 736, International Union, United
Automobile, Aerospace and Agricultural Implement Workers of
America, UAW.
 No. 77-1597.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) Jan. 9, 1978.
Decided Jan. 19, 1978.
 
 Stephen J. Edelstein, Bracken & Craig, Newark, N. J., for appellants.
 Carpenter, Bennett & Morrissey, Newark, N. J., Frazer F. Hilder, David M. Davis, General Motors Corp., Detroit, Mich., Thomas L. Morrissey, of counsel and on the brief, for General Motors Corp.
 Paul J. Giblin, Hackensack, N. J., for International Union, United Automobile, Aerospace and Agriculture Workers of America, UAW and Local 736, etc.
 Before ALDISERT and HUNTER, Circuit Judges, and HUYETT, District Judge.*
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 In this appeal from the district court's denial of appellants' application for attorney's fees, we are asked to determine that the efforts of appellants' counsel resulted in a "common benefit" to a discernible class. Because the facts of this case fall far outside the narrowly circumscribed common benefit exception to the general "American Rule" that attorney's fees are ordinarily not recoverable by a prevailing litigant in the absence of statutory authorization, see Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), we affirm.
 
 
 2
 Appellants, a group of 77 employees of the General Motors Corp. (GM) plant in Clark, New Jersey, instituted this action in December 1975, alleging that they were being unlawfully deprived of Supplemental Unemployment Benefits (SUB) by GM, the UAW International Union, UAW Local 736, and the GM-UAW SUB Plan Board of Administration (SUB Board).[1] Appellants were among approximately 1,500 GM employees who, in 1970, were temporarily laid off from employment as a result of a strike commenced against GM by the UMW. Following their layoffs, the affected employees applied for Supplemental Unemployment Benefits pursuant to a provision (the "SUB Plan") in the GM-UAW collective bargaining agreement. When GM advised the employees that they were not entitled to the benefits, they filed written appeals with the plant's local SUB Committee. When the local committee was unable to reach agreement, it transmitted the appeals to the SUB Board which, under the parties' collective bargaining agreement, was the final arbiter as to Supplemental Unemployment Benefits. At the commencement of the present litigation, the issue was still unresolved.
 
 
 3
 In September 1976, however, the SUB Board dispensed over $100,000.00 in benefits to the 1,500 Clark plant employees. At this time, the district court was considering a motion for summary judgment dismissing the complaint and amended complaint in favor of GM, the UAW, and Local 736. Noting that the claim for the actual SUB payments was mooted by the SUB Board's decision, the district court further determined that the facts did not support the allegation that the SUB Board had taken an inordinate amount of time in processing the appeals. --- F.Supp. at ---- (Slip Opinion at 12). And significantly, in granting the motion to dismiss the complaints, the court noted the deference to be accorded the internal procedures established by the collective bargaining agreement for resolution of this dispute. Id., citing United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior and Gulf Navigation, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).
 
 
 4
 Appellants' subsequent application for attorney's fees resulting from this litigation was denied. In this appeal, they argue that federal courts have the authority to award attorney's fees when litigation results in a common benefit to a discernible class, and that this is such a case. Our primary reference point is thus Alyeska, supra, in which the Supreme Court taught that the common benefit exception "permit(s) the trustee of a fund or property, or a party preserving or recovering a fund for the benefit of others in addition to himself, to recover his costs, including his attorneys' fees, from the fund or property itself or directly from the other parties enjoying the benefit." 421 U.S. at 257, 95 S.Ct. at 1621.
 
 
 5
 Mindful of Alyeska, we cannot take issue with appellants' contention that federal courts have the power to authorize attorney's fees in appropriate common benefit situations. Indeed, recent opinions of this court have explored Alyeska's guidance at length. See, e. g., Brennan v. United Steelworkers of America, 554 F.2d 586 (3d Cir. 1977); Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 540 F.2d 102 (3d Cir. 1976). But the present appeal differs in significant ways from other cases which this court has had occasion to consider. Not the least of appellants' problems is that the merits of this litigation ended in dismissal of the complaints, and "(t)he exception for conferring benefits on a class usually operates only when a fund has been recovered . . . ." Foley v. Devaney, 528 F.2d 888 (3d Cir. 1976).
 
 
 6
 We need not discuss the effect of the complaints' dismissal, however, for we perceive an even more basic deficiency. The common benefit exception anticipates, and is necessarily preceded by, a proven causal relationship between the efforts of counsel and the benefits allegedly derived therefrom. Appellants concede that their application for attorney's fees was "based upon the proposition that, on the record before the court, the court must conclude that the (SUB Board's decision) was the product of the efforts of the (appellants)." Appellants' Brief at 5. Simply put, even if we were to accept their characterization of the SUB Board's disbursal of benefit payments as a "common fund", appellants have failed to demonstrate a sufficient causal relationship between their efforts and the disbursal of this fund. Once the district court determined in its dismissal on the merits that the SUB Board, pursuant to its role under the parties' collective bargaining agreement, had conducted its proceedings in a proper and timely fashion (and we see no reason to disturb that determination), it would be a logical fallacy to conclude that the resulting payments were caused by an independent suit in federal court.
 
 
 7
 For the foregoing reasons, the judgment of the district court will be affirmed.
 
 
 
 *
 Honorable Daniel H. Huyett, 3rd, of the United States District Court for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 The district court concluded that the SUB Board is not a suable entity; this determination is not disputed on appeal. As to the others, appellants alleged that all appellees had breached their collective bargaining agreement by failing to accord the requested benefits, and that the international and local unions had breached their duty of fair representation by failing to process the claims diligently